967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RETAIL FOOD, MEAT, POULTRY AND PROCESSING EMPLOYERS; UFCW
Local 126 Benefit Fund, Plaintiffs-Appellants,
v.
ZACKY FARMS, dba Poppy Foods Company; Poppy Foods Company,
Defendants-Appellees.
 No. 91-15821.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1992.
Decided June 11, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The welfare benefit fund appeals from a summary judgment on its action to enforce a fee against the employer for withdrawing from the fund. The district court held that the benefit fund lacked authority to impose a termination fee. We affirm.
 
 
 3
 The authority to enact a termination fee must be determined by the trust agreement. Board of Trustees of the Watsonville Frozen Food Welfare Trust Fund v. California Co-op. Creamery, 877 F.2d 1415, 1420 (9th Cir.1989). The trust agreement here stated that an employer's liability is limited to the amounts required by its Collective Bargaining Agreement (CBA). The employer's 1985-1988 CBA stated that the employer's sole responsiblity was to pay to the fund $150 a month per employee. The trust agreement did not authorize a termination fee.
 
 
 4
 The benefit fund argues that the limitation in the 1985-1988 CBA no longer applied once the CBA expired and the employer and union agreed to withdraw from the benefit fund. That may be, but at that point the employer had no liability to the benefit fund. The benefit fund cannot rely on the employer's termination to find authority for a termination fee.
 
 
 5
 The benefit fund also argues that the trustees were authorized to enact the fee in 1983 because the CBA in effect at that time contained no cap on liability; the employer agreed to pay the amount necessary to maintain a certain level of benefits. The maintenance of benefits provision, however, provided for liability upon the occurrence of a three month deficit, calculated on the necessity to maintain benefits during the 1979-1985 CBAs. It did not authorize a termination fee.
 
 
 6
 The benefit fund's reliance on Watsonville, 877 F.2d 1415, is misplaced. There, the trust agreement expressly provided that the board may establish regulations to protect the trust in the event that an employer terminates participation. Id. at 1420. Furthermore, the benefit fund's analogies to authority in the pension fund context are not helpful. Congress expressly has provided for withdrawal liability in the pension fund context. 29 U.S.C. § 1381 (1988).
 
 
 7
 The benefit fund's motion to strike the employer's brief and motion for sanctions for the employer's inclusion of unnecessary materials in its excerpt of record are denied.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3